WALBRIDGE et al. v. WALBRIDGE et al.

(Supreme Court, Appellate Division, Second Department. June 17, 1910.)

INFANTS (§ 83*)—ACTION—GUARDIAN AD LITEM—COMPENSATION.

Where the services of a guardian ad litem consisted in conferring with his ward, making an investigation into the inventory and other documents on file in the Surrogate's Court to qualify himself for action in the case, the service of a general answer, attendance on the call of the calendar from time to time, conferring with attorneys for some of the defendants, preparation for the trial of the issues, and conducting the examination of the only witness called during the trial, which was very brief, the share of the infant for whom the guardian acts in the estate involved being $50,000, an allowance of $500 for his services is sufficient.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 83.*]

Appeal from Special Term, Kings County.

Action by John H. Walbridge and another, as executors of the will of Olin G. Walbridge, against George O. Walbridge and others. From

the part of the judgment granting an allowance to Maurice V. Theall, as guardian ad litem, plaintiffs appeal. Affirmed.

See, also, 132 App. Div. 33, 116 N. Y. Supp. 239, 120 N. Y. Supp. 1150.

Argued before WOODWARD, JENKS, BURR, RICH, and CARR, JJ.

William N. Dykman, for appellants.

James C. Church, for respondents.

PER CURIAM. The sole question arises upon the objection made by the plaintiffs to the allowance made to the guardian ad litem of an infant defendant. The questions involved in the action were whether, under a clause of the will, interest should be charged on certain advancements, and whether, under another clause in the will, a demand made by one of the defendants for the transfer of certain realty and personalty left by the testator required the executors to make such transfer at their previous appraisal of the property. The complaint was dismissed without decision upon the merits, which were remitted for disposal to the Surrogate's Court. Of course, our determination rests upon the record presented on this appeal; and, if it be meager, the fault is in him who would uphold the allowance.

The affidavit of the guardian shows that he conferred with his ward; that he made an investigation into the inventory and other documents on file in the Surrogate's Court, in order to qualify himself for intelligent action in the case; that he served a general answer, attended upon the call of the calendar from time to time, conferred with attorneys for some of the defendants, and prepared for the trial of the issues; and that he conducted or attempted to conduct an examination of the only witness called during the trial. The trial itself was exceedingly brief, for the record thereof lies within three pages of the appeal book. Although the estate itself was very large, it seems that the share of the infant is in the neighborhood of but $50,000. We think that in the exercise of our discretion, and upon this record, we are compelled to heed the objection, and that the allowance should be reduced to $500. This we do without any reflection upon the guardian ad litem, whom we recognize as a lawyer well qualified to discharge whatever duties such or any litigation might require of him.

The judgment, so far as appealed from, is modified, by reducing the allowance of the guardian ad litem to $500, and, as so modified, is affirmed, without costs to either party.